WITHERS & KOLLS V. BRITTAIN, SMITH & CO. ET AL.

[FILED OCTOBER 26, 1892.]

**Attachment:** CONTRACT: UNLIQUIDATED DAMAGES RECOVERA-
BLE ON ATTACHMENT BOND. An action upon an undertaking
for an attachment is one arising upon contract and may be main-
tained by attachment against the property of a non-resident.
The fact that the damages are unliquidated does not change the
character of the action.

ERROR to the district court for Hall county. Tried be-
low before HARRISON, J.

*Thompson Brothers,* for plaintiffs in error :

An action arising upon an attachment bond is an action
on a contract. (*Raymond v. Green,* 12 Neb., 218.)

*Thummel & Platt, contra:*

Attachment will not lie for unliquidated damages result-
ing from the breach of contract, unless there is something
in the contract itself which affords a rule by which they
may be estimated. (*Clarks v. Wilson,* 3 Wash. [C. C. U. S.],
560; *Jeffery v. Wooley,* 5 Halstead [N. J. L.], 123; *Barber
v. Robeson,* 3 Green [N. J. L.], 17; *Hazard v. Jordon,* 12
Ala., 180.)

MAXWELL, CH. J.

This action was brought by attachment on an under-
taking as follows: "We bind ourselves to the defendants
(meaning Withers & Kolls, plaintiffs) that the plaintiffs,
Brittain, Smith & Co., shall pay to the said defendants the
damages, not exceeding $2,500, which they may sustain by
reason of the attachment in this action if the order thereof be
wrongfully obtained," to recover the sum of $2,500 for the
wrongful issuing of the attachment. Certain property of

the defendants was levied upon, whereupon they made a motion to dissolve the attachment, "Because the facts stated in the affidavit are not sufficient to justify the issuing the same; that the attachment bond mentioned in the said affidavit was sworn out by plaintiffs on a suit pending in the district court of Hall county, Nebraska, for damages, and not on contract, judgment or decree executed by the defendants Brittain, Smith & Co. and H. J. Palmer; that said H. J. Palmer is a resident of Hall county, Nebraska; that the action so pending is one for damages, yet unliquidated, unsettled, and undetermined, and there is no authority in law for the issuing the said writ of attachment against a non-resident of the state or otherwise." The motion was sustained and the attachment discharged.

The defendants are non-residents of the state and the sole question presented is, Does the cause of action arise upon contract?

Section 198 of the Code provides: "An attachment shall not be granted on the ground that the defendant is a foreign corporation, or a non-resident of the state, for any claim other than a debt or demand arising upon contract, judgment, or decree." An undertaking made in a legal proceeding is an agreement or contract in a certain contingency to perform certain acts, as if judgment is rendered in favor of the adverse party, to pay the judgment. So if an attachment is issued, an undertaking is given to pay the defendant all damages which he may sustain by reason of the attachment, if the order be wrongfully obtained. Here is an agreement to pay the damages if the attachment is dissolved; in effect, that if no sufficient cause existed for issuing the same, the party undertaking will compensate the one whose property is attached for the damages he may thereby sustain. Now, will any one contend that an action on the undertaking is not upon this agreement. The fact that the damages are unliquidated can make no difference. The contract limits the liability of the obligors to

the amount stated in the undertaking, so that in no event can it exceed that sum, but to the extent of the injury a recovery may be had up to that limit.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.